**VIACOM INTERNATIONAL INC., Plaintiff,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, United States of America, Defendants.**

**No. C–93–1984 EFL.**

United States District Court, N.D. California.

June 1, 1993.

David M. Balabanian, Terry J. Houlihan, McCutchen Doyle Brown & Enersen, San Francisco, CA, George H. Shapiro, Arent Fox Kintner Plotkin & Kahn, Washington, DC, for Viacom Intern. Inc.

Stephen L. Schirle, Asst. U.S. Atty., John A. Mendez, George Chris Stoll, U.S. Attorney's Office, San Francisco, CA, for F.C.C.

Stephen E. Taylor, Alameda, CA, A. Wray Fitch, H. Robert Showers, Peter F. Rathbun, Gammon & Grange, McLean, VA, for inter-venors First Century Broadcasting, Inc. and The Friendly Bible Church, Inc.

## TEMPORARY RESTRAINING ORDER

LYNCH, District Judge.

### I. *Background*

Plaintiff Viacom International Inc. ("Viacom") filed this suit challenging the constitutionality of Sections 4 and 5 of the Cable Television Consumer Protection and Competition of 1992, 47 U.S.C. §§ 534 and 535 ("1992 Act"), pursuant to the First and Fifth Amendments of the Constitution. In addition to a declaratory judgment declaring the aforesaid provisions unconstitutional, Viacom requested a temporary restraining order enjoining implementation and enforcement of Sections 4 and 5, which provisions Viacom would be required to comply with as of Wednesday, June 2, 1993 pursuant to Federal Communications Commission ("FCC") regulations. Viacom also requested that this case be heard by a three judge district court pursuant to 47 U.S.C. § 555(c).

A three judge district court—consisting of Judge Poole of the Ninth Circuit Court of Appeals, and Judge Smith and Judge Lynch of this Court—has been convened. For purposes of ruling on plaintiff's request for a temporary restraining order, Judge Lynch of this Court will retain sole jurisdiction over this matter, with all further proceedings in this case to take place before the full three judge district court. It is the Court's opinion that plaintiff is entitled to a temporary restraining order enjoining the enforcement of Sections 4 and 5 of the 1992 Act as against plaintiff Viacom and preserving the status quo pending a full hearing on plaintiff's request for a preliminary injunction.[1]

### II. *Pertinent Statutory Provisions*

Section 4 of the 1992 Act governs the carriage of commercial television stations by

---

1. Under the exigent circumstances created by the untimely filing of plaintiff's complaint and request for a temporary restraining order, it was not possible to assemble the full three judge district court for a hearing on the instant motion prior to the date Sections Four and Five would have taken effect as against plaintiff Viacom.

Accordingly, Judge Lynch has temporarily retained exclusive jurisdiction over this suit solely for purposes of ruling on plaintiff's request for a temporary restraining order. 47 U.S.C. § 555(c); 28 U.S.C. § 2284. Judges Poole and Smith have, however, considered the papers filed in this matter and concur in this decision.

cable television operators. As applied to Viacom, it requires that Viacom carry the signals of local commercial television stations, up to a limit ·of one-third of the aggregate number of usable activated channels. Section 5 of the 1992 Act governs the carriage of qualified non-commercial television stations. As applied to Viacom, it requires that Viacom systems with usable activated channel capacity of 13 to 36 channels carry up to three qualified local non-commercial stations. In addition, it requires that cable systems with more than 36 usable activated channels carry, in addition to commercial must-carry requirements, all qualified local non-commercial stations without limit on the number of such stations. Viacom alleges that these provisions violate the First Amendment in that they impermissibly interfere with its exercise of editorial discretion in selecting programming, and favor one class of speakers (broadcasters) over other speakers. Viacom also asserts that these provisions constitute an impermissible government "taking" under the Fifth Amendment.

### III. *Discussion*

■ The standards for the issuance of preliminary injunctive relief—of which a temporary restraining order is one form—are well established.[2] A plaintiff must show "either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *California v. American Stores Co.*, 872 F.2d 837, 840 (9th Cir.1989), *rev'd on other grounds*, 495 U.S. 271, 110 S.Ct. 1853, 109 L.Ed.2d 240 (1990). These alternatives are not separate tests, but merely the extremes of a single continuum. *Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 515 (9th Cir.1984). They are but two points on a sliding scale "in which the degree of irreparable harm that must be shown increases as the probability of success on the merits decreases." *California v. American Stores Co.*, 872 F.2d at 840.

■ It is beyond all doubt that Viacom's first two claims raise serious First Amendment questions. Viacom alleges that Sections Four and Five violate the First Amendment in that they impermissibly interfere with the exercise of its editorial discretion in selecting programming, and favor one class of speakers (broadcasters) over other speakers. In Count One of its three count complaint, Viacom alleges that in exercising editorial discretion regarding the types of programming it offers on its cable television systems, it is engaged in conduct protected by the First Amendment. According to Viacom, the imposition of mandatory signal carriage requirements in Sections Four and Five results in substantial infringement of its constitutionally protected editorial discretion. In Count Two Viacom alleges that Sections Four and Five, as applied to Viacom, officially and selectively favor a certain class of speakers, broadcasters licensed by the FCC, over all other speakers. According to Viacom, this favoritism abridges its First Amendment freedoms.

The proposition that cable television operators engage in speech protected, to some extent, by the First Amendment is now too well settled to be questioned. *See Leathers v. Medlock*, 499 U.S. 439, ——, 111 S.Ct. 1438, 1442, 113 L.Ed.2d 494 (1991) ("Cable television provides to its subscribers news, information, and entertainment. It is engaged in 'speech' under the First Amendment, and is, in much of its operation, a part of the 'press.' "); *see also City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 494, 106 S.Ct. 2034, 2037, 90 L.Ed.2d 480 (1986). While it is patently clear that Viacom's claims implicate First Amendment interests, it is equally clear that the question of what level of First Amendment scrutiny should apply to Sections Four and Five of the 1992 Act is unsettled. Chief Justice Rehnquist of the Supreme Court, sitting as Circuit Justice for the District of Columbia Circuit, recently declined a request under the All Writs Act to declare Sections Four and Five of the 1992 Act unconstitutional and enjoin their enforcement pending appeal of a

---

**2.** Plaintiff Viacom's motion for a temporary restraining order is not an *ex parte* proceeding subject to the 10–day duration limit set forth in Rule 65, Fed.R.Civ.P. Plaintiff has provided the defendants with notice, and the Court has considered the briefs submitted by both sides.

lower court's decision. *See Turner Broadcasting System, Inc. v. FCC*, — U.S. —, 113 S.Ct. 1806, 123 L.Ed.2d 642 (1993). In so holding, Chief Justice Rehnquist indicated that there were two lines of cases with potential applicability in this context. First, the Supreme Court's decision in *Miami Herald Publishing Co. v. Tornillo*, 418 U.S. 241, 94 S.Ct. 2831, 41 L.Ed.2d 730 (1974), clearly indicated that Congress would lack the power to impose the "must carry" provisions of Sections Four and Five on privately owned newspapers. However, in *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969), the Supreme Court upheld FCC requirements mandating that broadcasters cover public issues and give fair coverage to each side of an issue. Citing to the Supreme Court's decision in *Preferred Communications*, 476 U.S. at 494, 106 S.Ct. at 2037, Chief Justice Rehnquist in *Turner* clearly acknowledged that the Supreme Court has not decided whether the activities of cable television operators are more akin to those of newspapers or wireless broadcasters. *Turner*, — U.S. at —, 113 S.Ct. at 1808. *See also Century Communications Corporation v. FCC*, 835 F.2d 292 (D.C.Cir.1987) (declining to decide the "vexing question" of what level of scrutiny applies in the context of cable television "must carry" requirements); *Quincy Cable TV, Inc. v. FCC*, 768 F.2d 1434 (D.C.Cir.1985) (same).

The three judge court's ultimate decision on whether to invalidate or uphold Sections Four and Five of the 1992 Act will likely depend on whether it finds the activities of cable television operators more akin to those of newspapers or wireless broadcasters under the factual context specific to this case. While the Court means to express no opinion on how it may ultimately decide this perplexing question, there is simply no denying that Viacom's suit raises serious First Amendment questions.[3]

■ Having determined that this suit raises serious First Amendment questions, the Court has little difficulty finding the potential for irreparable injury, or that at the very least the balance of hardships tips sharply in plaintiff Viacom's favor. *See San Diego Committee v. Governing Board*, 790 F.2d 1471 (9th Cir.1986). Under the law of this circuit, a party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim. In *San Diego Committee*, a non-profit organization actively involved in counseling young men on alternatives to compulsory military service sought to place advertisements in five student newspapers published by high schools within a particular school district. The superintendent of the school district blocked publication on the grounds that the advertisements would contribute to the solicitation of illegal acts by the district's students. The non-profit organization filed suit in federal district court alleging violation of its First and Fourteenth Amendment rights, and seeking preliminary injunctive relief enjoining the governing board of the school district from enforcing its ban. The district court denied plaintiff's request for preliminary injunctive relief, and plaintiff appealed. The Ninth Circuit, in reversing the district court's denial, held that the district court had erred in finding that plaintiff had failed to establish a probability of success on the merits. *Id.* at 1473. More importantly for our purposes, the court also indicated, in reliance upon the Supreme Court's plurality opinion in *Elrod v. Burns*, 427 U.S. 347, 373–74, 96 S.Ct. 2673, 2689–90, 49 L.Ed.2d 547 (1976), that plaintiff's meritorious assertion of First Amendment interests established the existence of irreparable injury. *San Diego Committee*, 790 F.2d at 1473 n. 4. Although the Ninth Circuit found that plaintiff had established a substantial likelihood of success on the merits of its claim, *id.* at 1481, the court suggested that plaintiff would have been entitled to an injunction on even a lesser showing on the merits—i.e., by raising a serious question. *Id.* at 1473 n. 4.

As the Court has noted above, in this case it is beyond doubt that serious questions are

---

**3.** It is not necessary, at this juncture, for the Court to assess the merits of Viacom's Takings Clause Claim under the Fifth Amendment, and the Court herein expresses no opinion with respect to that claim.

raised on the merits of Viacom's First Amendment claims. Pursuant to the reasoning of the Ninth Circuit in *San Diego Committee*, the Court finds that Viacom's showing also suffices to establish the threat of irreparable injury, or at the very least that the balance of hardships tips sharply in Viacom's favor. Accordingly, Viacom has made a sufficient showing under the sliding scale of *California v. American Stores* and is entitled to a temporary restraining order pending an opportunity for a full hearing and further briefing regarding the issuance of a preliminary injunction.

## IV. *Conclusion*

For the reasons set forth above, the Court hereby ORDERS that:

(1) Defendants Federal Communications Commission and United States of America are for a period of thirty days from the date of this Order, hereby enjoined from: enforcing or applying Sections 4 and 5 of the Cable Television Consumer Protection & Competition Act of 1992, 47 U.S.C. §§ 534 and 535, against plaintiff Viacom International Inc. and its subsidiaries in their operation of cable television systems within the California counties of San Francisco, Marin, Sonoma, Napa, Alameda, and Contra Costa, excepting Viacom cable operations in the California cities of Pittsburg, Castro Valley, Healdsburg, Cloverdale, Windsor, and the City of Napa. Where not so enjoined, such statutory provisions shall remain in full force and effect;

(2) Plaintiff Viacom shall post a bond of $100.00 forthwith;

(3) The Court hereby orders the defendants to show cause why plaintiff's request for a preliminary injunction should not be granted;

(4) All further proceedings in this matter shall be conducted by a three judge district court consisting of Judge Poole of the Ninth Circuit Court of Appeals, and Judge Smith and Judge Lynch of this Court;

(5) The three judge district court shall entertain further briefing and oral argument on plaintiff's request for a preliminary injunction as set forth below:

(a) Defendants' opening brief due June 4, 1993;

(b) Plaintiff's opposition brief, as well as any amicus briefs, due June 11, 1993;

(c) Defendants' reply brief due June 18, 1993;

(d) Oral argument at 3:00 p.m. on Monday, June 28, 1993 in Judge Lynch's courtroom, Dept. 4 of the United States District Court;

(6) The parties shall provide five copies of any pleadings filed in this matter, three of which shall be hand delivered as courtesy copies to the Chambers of Judge Poole, Judge Smith, and Judge Lynch, respectively, and two of which shall be filed with the Clerk of the United States District Court. No brief may exceed twenty-five pages in length, and defendants' reply brief shall not exceed fifteen pages.

IT IS SO ORDERED.